UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MATTHEWS, | ) | Case No.: 1:11 CV 417 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KERZNER INTERNATIONAL | ) | |
| LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending in the above-captioned case is Defendants Kerzner International Limited

("KIL"), Kerzner International Bahamas Limited ("KIBL"), Kerzner International Resorts, Inc.

("KIRI"), Island Hotel Company Limited ("IHCL"), Paradise Island Limited ("PIL"), and Atlantis

Holdings (Bahamas) Limited's ("AHBL") (collectively, "Defendants") Joint Motion to Dismiss

Plaintiff's Complaint.  (ECF No. 33.)  Also pending is Plaintiff's Motion to Impose Service Costs

and Attorneys' Fees on Defendants or, in the Alternative, Motion to Deem Service as Sufficient.

(ECF No. 30.)  For the following reasons, the court hereby grants Defendants' Motion to Dismiss,

and denies Plaintiff's Motion as moot. (ECF No. 30).

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff David Matthews ("Plaintiff") is an adult individual whose primary residence at the

time of the accident was Cuyahoga County, Ohio. (Am. Compl., ECF No. 39, at ¶ 1.) KIL is a

private Bahamian holding company which functions as a parent company for KIBL. (KIL's Answer,

ECF No. 48, at ¶ 2.)  KIBL, in turn, owns IHCL, which operates the Atlantis, Paradise Island Resort and Casino ("Atlantis").  (*Id.*)  KIBL also owns AHBL, which owns the land and buildings of Atlantis.  (*Id.* at ¶ 9.)  KIRI, the sole named Defendant located in the United States, primarily functions as a marketing, sales, advertising, reservation, wholesale tour service and travel business for Atlantis. (*Id.* at ¶ 6.) KIRI's principal place of business is in Florida.

Atlantis does business through the website www.atlantis.com and www.FamilyFunatAtlantis.com. (D. Matthews Aff., Pl.'s Opp'n to Mot. to Dismiss, ECF No. 44-2, at ¶ 2.) These websites allow users to "Book Now," select travel dates, select a number of travelers, choose a room, add dining plans, choose flights, choose shuttle transfers and confirm reservations. (*Id.* at ¶ 3.) Users provide contact information, credit cards, and receive e-mail notifications of Atlantis travel packages. (*Id.*)

Plaintiff was a guest at Atlantis in December of 2009. (Am. Compl., at ¶ 14.) On December 11, 2009, Plaintiff  used a waterslide at Atlantis and was injured while doing so, suffering injuries to his left leg and knee.  (*Id.* at ¶ 14–15.) As a result of his injuries, Plaintiff underwent surgery in the United States and continues to undergo treatment for a tibia plateau fracture. (*Id.* at ¶ 21.) Plaintiff alleges that since the injury, he has been immobile and largely out of work as an IT Consultant. (*Id.* at ¶ 22.)

Plaintiff filed this lawsuit on January 24, 2011, in the Cuyahoga County Court of Common Pleas. (Compl., ECF No. 1-1.) Defendants removed the case to this Court on February 19, 2011, asserting diversity jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal, ECF No. 1.) Plaintiff filed a two-count Amendment Complaint on May 26, 2011. In Count I, Plaintiff alleges premises liability based on Defendants' failure "to exercise ordinary care to render 'The Challengers'

reasonably safe for Mathews' [sic] use." (Am. Compl. ¶ 31.) In Count II, Plaintiff alleges negligent design, construction, maintenance, repair and supervision" of the water slide and further alleges negligent provision of first aid. (*Id.* at ¶¶ 35–41.) Plaintiff claims that all Defendants except KIL have acknowledged receipt of service through registered mail. (Pl.'s Mot. to Impose Service Costs, ECF No. 30, p. 2.) Defendants do not dispute this, but claim that this does not constitute valid service. (Defs.' Mot. to Dismiss, Br. in Supp., ECF No. 33, p. 17–18.) Defendants filed a Joint Motion to Dismiss on May 12, 2011. (Defs.' Mot. to Dismiss, ECF No. 33.)

## II.   LAW AND ANALYSIS

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b) on various grounds: (1) lack of personal jurisdiction; (2) improper venue; (3) *forum non conveniens*; (4) insufficiency of process ; and (5) failure to state a claim upon which relief can be granted. As is explained below, the court need not address all grounds because the court finds that it lacks personal jurisdiction over the Defendants.

### Personal Jurisdiction

It is well-settled that "[i]n diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996) (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir. 1989)). Since the court is ruling without conducting an evidentiary hearing, it must consider the pleadings and affidavits in a light most favorable to Plaintiff. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996). Plaintiff need only make a prima facie showing of jurisdiction to defeat the motion, and the court "need not weigh the controverting assertions of the party seeking dismissal ... because we want to prevent non-resident defendants from regularly avoiding personal

- 3 -

jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.* (internal citation and quotation omitted). Therefore, "dismissal in this procedural posture is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction." *Id.*

Under Ohio law, general jurisdiction is proper "in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp.*, 545 F.3d 357, 361 (6th Cir. 2008) (citation omitted). Specific jurisdiction may be exercised pursuant to Ohio's long-arm statute. Ohio R.C. § 2307.382, provides in pertinent part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action *arising from* the person's:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods *in this state*;
> (3) Causing tortious injury by an act or omission *in this state*;
> (4) Causing tortious injury *in this state* by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Causing tortious injury *in this state* to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby *in this state*.

(emphasis added).

After analyzing personal jurisdiction with respect to the long-arm statute, the question becomes whether the jurisdictional reach of the forum state's courts can be extended to nonresidents consistently with federal due process. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 376 (6th Cir. 1968). The Due Process Clause requires that the exercise of personal jurisdiction agree with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has distilled due process  requirements into a three-part test: (1) the

defendant must purposefully avail himself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of defendant, or consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *S. Mach. Co.*, 401 F.2d at 381.

Even assuming that it is proper to treat all Defendant entities as one entity for the purposes of evaluating jurisdiction, which Defendants dispute and this court doubts, the court finds that personal jurisdiction over the foreign Defendants is lacking in this case.[1] Plaintiff asserts that this court has jurisdiction over the foreign Defendants pursuant to Ohio R.C. § 2307.382(A)(1)–(4) and (6) and does not assert that this court has general jurisdiction. Plaintiff, however, misapprehends the scope of each of the cited provisions of Ohio's long-arm statute.

For Ohio R.C. § 2307.382(A)(1) to confer jurisdiction, the cause of action must *arise from* a transaction of business in the State of Ohio. The Sixth Circuit has held that "arising from" "requires a 'proximate cause' relationship between a plaintiff's personal injury claim and the defendant's conduct in Ohio." *Brunner v. Hampson*, 441 F.3d 457, 466 (6th Cir. 2006). In *Brunner*, the appellants were United States citizens who were injured in an explosion and fire in a hunting cabin in Canada, where they were staying as part of a hunting excursion booked through a Canadian corporation and its owner. *Id.* at 458–59. The injured parties brought a diversity suit against the Canadian citizens, asserting long-arm jurisdiction under Ohio R.C. § 2307.382(A)(1). *Id.* at 464. The court, however, found that even assuming that the Canadian parties transacted business in Ohio

---

[1]     *See, e.g.*, *Lafarge Corp. v. Altech Env't, U.S.A.*, 220 F. Supp. 2d 823, 827 (E.D. Mich. 2002) ("Personal jurisdiction over a parent company does not arise merely because the forum state properly asserts jurisdiction over one of its subsidiaries.") (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273–74 (6th Cir. 1998)).

through advertising and solicitations, the long-arm statute was not satisfied because the injuries did not arise from the defendants' "advertising or solicitation of business in Ohio, 'but (allegedly) from the condition' of the facilities and equipment provided . . . at the site of the hunt." *Id.* at 466. (citing *Coleman v. Chen*, 712 F. Supp. 117, 122 (S.D. Ohio 1988) (parenthetical in original)). *See also Cruz v. Kentucky Action Park, Inc.*, 950 F. Supp. 210, 214 (N.D. Ohio 1996) ("It cannot be said that the purported injuries arose from any solicitation by Defendant. Rather, the purported injuries may have arisen from the condition of [the slide] in the state of Kentucky."). The court found there was no jurisdiction even though "[a] 'but for' relationship between the solicitation and the injuries clearly exists." *Brunner*, 441 F.3d at 466–67. Similarly in this case, Plaintiff has failed to establish a "proximate cause" relationship between his injury and Defendants' alleged business transactions in the State of Ohio, because his injuries allegedly arose from "[u]nreasonably dangerous conditions . . . on the premises at the Atlantis Resort in the Bahamas." (Am. Compl. ¶ 19.)

Plaintiff next asserts jurisdiction under Ohio R.C. § 2307.382(A)(2), but for this ground to confer jurisdiction, the cause of action must arise out of a contract to supply goods or services *in this state*. *Joffe v. Cable Tech, Inc.*, 839 N.E.2d 67, 75 (Ohio Ct. App. 2007). Plaintiff does not allege that such a contract exists in this case, nor that his claims arise out of such a contract. *See Brunner*, 441 F.3d at 464 (finding no jurisdiction under Ohio R.C. § 2307.382(A)(2) where no factual basis to show that defendant supplied any goods or services in Ohio).

The remaining asserted grounds for specific jurisdiction all deal with causes of action arising out of tortious injuries. But again, the asserted bases of jurisdiction require a nexus to the State of Ohio wholly absent here, *i.e.*, that a tortious injury take place in the state or be caused by an act or omission in the state. *See*, *e.g.*, *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 791

- 6 -

(Ohio 2010) ("Because Roberts's allegedly defamatory statements were published in Ohio, his alleged tort was committed in Ohio, and he falls within the grasp of R.C. 2307.382(A)(3)"); *Grossi v. Presbyterian Univ. Hosp.*, 446 N.E.2d 473, 476 (Ohio Ct. App. 1980) (Ohio R.C. § 2307.382(A)(4) "require[s] that the injury which is the basis of the complaint must occur in the state of Ohio and that the fact that the person causing injury regularly does business in Ohio does not confer jurisdiction over such person for an injury that occurred outside this state"). Ohio courts have further held that "a tortious injury is not considered to have occurred in Ohio simply because a party continues to suffer from the effects of the injury after returning to Ohio." *Robinson v. Koch Ref.*, 1999 WL 394512 *4 (Ohio Ct. App, June 17, 1999). While Plaintiff alleges that he "underwent surgery and continues to undergo treatment for a tibia plateau fracture," (Am. Compl., ¶ 21), he does not allege that the tortious injury took place in Ohio, nor that an act or omission of the Defendants in the State of Ohio caused the tortious injury.

Because Plaintiff has failed to satisfy any of the asserted grounds of long-arm jurisdiction, the court need not proceed to the constitutional analysis. *Brunner*, 441 F.3d at 467 ("[W]e hold that the Ohio long-arm statute is not satisfied in this case. We thus have no reason to analyze whether the Fourteenth Amendment's Due Process Clause is a limitation on the exercise of personal jurisdiction.") Moreover, having concluded that personal jurisdiction over the Defendants is lacking, the court need not reach Defendants' alternative arguments for dismissal, *i.e.*, improper venue, *forum non conveniens*, and failure to state a claim upon which relief can be granted. Further, because the court finds that it lacks personal jurisdiction over the Defendants, it also denies as moot Plaintiffs Motion to Impose Service Costs and Attorneys' Fees on Defendants, or in the Alternative, Motion to Deem Service as Sufficient, and denies Plaintiff's request for a hearing on the Motion. *Friedman*

*v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("Without personal jurisdiction over an individual . . . a court lacks all jurisdiction to adjudicate that party's right.").

### III.  CONCLUSION

The court hereby grants Defendants' Motion to Dismiss (ECF No. 33) and denies Plaintiff's Motion (ECF No. 30) as moot.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

September 8, 2011