UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MATTHEWS, | ) | Case No.: 1:11 CV 417 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| KERZNER INTERNATIONAL LIMITED, *et al.*, | ) | |
| Defendants | ) | ORDER |

Currently pending in the above-captioned case is Plaintiff David Matthews's Motion Pursuant to Fed. R. Civ. P. 60(a) for Reconsideration of the Court's September 8, 2011 Order. (ECF No. 62.) For the following reasons, the court denies Plaintiff's Motion.

## **I. BACKGROUND**

As explained in greater detail in this court's September 8, 2011 Order, granting Defendants' Motion to Dismiss, this diversity tort suit arises out of Plaintiff Matthews's December 2009 stay at the Atlantis Resort and Hotel in the Bahamas, where he sustained injuries to his left leg and knee upon using an allegedly defective and dangerous waterslide. (Am. Compl. ¶¶14–23.) In his two-count Complaint, Plaintiff asserted claims for: (1) premises liability; and (2) negligent design, construction, maintenance, repair, supervision and/or negligent provision of first aid. (*Id.* ¶ 39.) Plaintiff named as Defendants:

        1.    Kerzner International Limited ("KIL"), a private Bahamian holding company that functions as a parent company over various subsidiary entities. (Am. Compl. ¶ 2.)

>   2. Kerzner International Bahamas Limited ("KIBL"), a Bahamian entity and subsidiary of KIL (*Id.* ¶ 3.)
>
>   3. Kerzner International Resorts, Inc. ("KIRI"), whose principal place of business is in Florida and "functions as a marketing, sales, advertising, reservation, wholesale tour service and travel business for Atlantis." (*Id.* ¶ 6.)
>
>   4. Island Hotel Company Limited ("IHCL"), a Bahamian entity and wholly owned subsidiary of KIL that is involved in the operation of Atlantis, the hotel and resort where Plaintiff incurred his injury. (*Id.* ¶ 8.)
>
>   5. Atlantis Holdings (Bahamas) Limited ("AHL"), a Bahamian corporation and a subsidiary of KIL that owns the land and buildings that are the Atlantis resort in the Bahamas. (*Id.* ¶ 9.)
>
>   6. A John Doe Defendant who "is an individual and/or a business entity of some form which directly, or indirectly, engineered, designed, built, fabricated, supplied, repaired, maintained, operated, services, or supervised the premises at Atlantis, including its Mayan Temple Waterslides, which includes a set of waterslides called "The Challengers", and/or directly, or through agents, provided or contracted to provide medical services to individuals injured at Atlantis while using these waterslides." (*Id.* ¶ 10.)

On April 6, 2011, this court issued a Case Management Conference Order in which it stayed all discovery for a period of 120 days, except in regard to matters related to jurisdiction. (ECF No. 26.) The Defendants jointly filed a Motion to Dismiss on May 12, 2011. (ECF No. 33.) The Defendants moved to dismiss for lack of personal jurisdiction, improper venue, *forum non conveniens*, insufficiency of service of process and failure to state a claim upon which relief can be granted. (*Id.*) Matthews filed his Opposition on June 8, 2011 (ECF No. 44), and the Defendants jointly filed their Reply on June 23, 2011. (ECF No. 50.)

On September 8, 2011, this court granted Defendants' Motion to Dismiss Plaintiff's Complaint, finding that the court lacked specific jurisdiction over the Defendants pursuant to Ohio's long-arm statute. On September 12, 2011, Plaintiff moved pursuant to Fed. R. Civ. P. 60(a) for

- 2 -

reconsideration of this court's Order, arguing that this court overlooked facts in the record that would support a finding of general jurisdiction over each of the Defendants. Plaintiff states that, "[a]lthough Plaintiff's briefs [Docs. 43 and 53] did not specifically state that he was invoking only general jurisdiction, that basis for personal jurisdiction is clearly argued and supported in the record." On September 26, 2011, Defendants filed their opposition to Plaintiff's Motion to Reconsider. (ECF No. 63.)

## II. LAW AND ANALYSIS

### A. Legal Standard

Fed. R. Civ. Pro. 60(a) provides that the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Sixth Circuit has stated that the "basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Such mistakes includes those made by judges as well as clerical employees. *Id.* However, the rule does not "authorize the court to revisit its legal analysis or otherwise correct an 'error[ ] of substantive judgment'." *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)). For example, the Sixth Circuit has found Rule 60(a) to have been properly applied where a judgment failed to reflect the specific amount of prejudgment interest to which plaintiffs were entitled, *Pogor v. Makita U.S.A. Inc.*, 135 F.3d 382, 388 (6th Cir. 1998), and where due to a typographical error, a judgment did not reflect the accurate amount of a defendant's offer of settlement. *Whitaker v. Associated Credit Services, Inc.*, 946 F.2d 1222, 1226 (6th Cir. 1991). If the error affects the substantive rights of the parties, it may be corrected under one of the

provisions of Rule 60(b). *Olle*, 910 F.2d at 363–364 (citing *Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212–13 & n. 3 (5th Cir. 1984).

### B. This Court Lacks General Jurisdiction Over the Defendants

Even if Rule 60(a) were to authorize the type of relief Plaintiff seeks here, Plaintiff's claim would nevertheless fail. The record is devoid of facts that would establish a *prima facie* showing of general jurisdiction, even though Plaintiff was expressly permitted discovery in regard to jurisdiction. *See Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (noting that although plaintiff need only make a *prima facie* showing of personal jurisdiction where there has been no evidentiary hearing, "[t]his proposition loses some of its significance, however, where, as in the case at bar, the plaintiff has received all of the discovery it sought with respect to personal jurisdiction").

In diversity cases, "federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996) (citing *LAK, Inc. v. Deer Creek Enterp.*, 885 F.2d 1293, 1298 (6th Cir. 1989)). Although the issue of whether Ohio law even recognizes general jurisdiction has been the subject of debate, *see Nat'l Strategies, LLC v. Naphcare, Inc.*, No. 5:10-CV-0974, 2010 WL 5392947, *3–*4 (N.D. Ohio Dec. 22, 2010) (collecting cases), the Sixth Circuit has taken the view that it does. The Sixth Circuit has held that, under Ohio law, general jurisdiction is proper "in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state." *Estate of Thomson v. Toyota Motor Corp.*, 545 F.3d 357, 361 (6th Cir. 2008) (citation omitted). Under this test, "the contacts must be so substantial and of such a nature as to justify suit against the defendant on causes of action

- 4 -

arising from dealings entirely distinct from those activities." *Joffe v. Cable Tech, Inc.*, 839 N.E.2d 67, 78 (Ohio Ct. App. 2005) (internal quotations omitted).

The leading Supreme Court case on the issue of general jurisdiction is *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), wherein the Court evaluated whether Helicol, an entity that did "not have a place of business in Texas and has never been licensed to do business in the State" could be subject to general jurisdiction in Texas on the basis of its contacts with the state: "sending its chief executive officer to Houston for a contract-negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sending personnel to Bell's facilities in Fort Worth for training." *Id.* at 416. The Court's answer was no. *Id.*

In the instant case, Plaintiff does not allege that Defendants have a place of business in Ohio or are licensed to do business in the State of Ohio. Rather, in his opposition to Defendants' Motion to Dismiss, Plaintiff asserts jurisdiction over *all* of the Defendants would comport with due process on the basis of the following:

- KIRI, a Florida corporation, domesticated a Florida judgment for $123,543.63 in the Court of Common Pleas of Cuyahoga County in a separate lawsuit involving an Ohio company's stay at Atlantis. (Pl.'s Ex. A, ECF No. 44-1.)[1]

---

[1] Plaintiff also argued that this supports a finding that Defendants have waived their jurisdictional defenses. Plaintiff's waiver argument is without merit, resting on inapposite case law. The cases cited by Plaintiff all concern consent to jurisdiction by filing a suit in the forum state that arises out of the same operative facts as those of the suit where jurisdiction is contested. *See, e.g.*, *Marron v. Whitney Group*, 662 F.Supp.2d 198, 200 (D.Mass. 2009)(finding defendant consented to jurisdiction of Massachusetts' courts "when he purposely availed himself of the benefits and protections of the forum by instituting a suit in Massachusetts state court that arises from the same series of transactions as the

- Atlantis "does business in the State of Ohio and in Cuyahoga County by Internet through *www.atlantis.com* and *FamilyFunatAtlantis.com.*" (Matthews Aff. ¶ 2, ECF No. 49-2.) The former webpage "allows the user to 'Book Now,' select travel dates, select a number of travelers, choose a room, add dining plans, choose flights, choose shuttle transfers and confirm your reservation. Users provide their contact information, credit card information and, unless they opt out, they will receive frequent e-mail alerts advertising various packages Defendants make available." (*Id.* ¶ 3.)

- Defendants produced records demonstrating that more than 20,000 Ohioans have stayed at Atlantis since 2001, earning Defendants $21,411,365.29. (Robinson Aff. ¶ 6, ECF No. 49-5.)

- KIRI has sent three sales representatives to Ohio since 2009. (*Id.* ¶ 8.)

- KIRI "sends e-mails to people who sign up to receive them and sends brochures by mail to individuals who have previously purchased resort packages or booked hotel stays and occasionally buys or rents lists." (*Id.* ¶ 7.)

Notably, Plaintiff attributes these jurisdictional contacts, most of them involving Florida-based KIRI[2], to each of the Defendants, treating the entities as a single enterprise. In effect, Plaintiff "would have us pierce [Defendants'] corporate veils, at least for jurisdictional purposes." *Goodyear*

---

instant action"); *General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 23 (1st Cir.1991) (holding third party defendant waived jurisdictional defense in first suit when it filed action against plaintiff on same set of operative facts).

[2] The Eleventh Circuit has noted that "[t]he Southern District of Florida has seen many cases concerning accidents occurring at the Atlantis or its affiliates in The Bahamas." *Krenkel v. Kerzner Int'l Ltd.*, 579 F.3d 1279, 1280 n. 1 (11th Cir. 2009) (collecting cases). Indeed, in *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. 2001), the court thoroughly discussed the forum-specific contacts supporting a finding of general jurisdiction over a foreign corporation and subsidiary involved in the operation of Atlantis. *Id.* at 1270–1273.

- 6 -

*Dunlop Tires Operations v. Brown*, 131 S.Ct. 2846, 2857 (2011). The Ohio Supreme Court has held that, for the purposes of determining liability, the corporate form may be disregarded where:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (Ohio 1993). In *MacDonald v. Navistar Intern. Transp. Corp.*, 143 F. Supp. 2d 918 (S.D. Ohio 2001), the court adopted a more lenient veil-piercing test for jurisdictional purposes and held that "a parent company may be subject to personal jurisdiction in a state where its subsidiary is doing business, provided that the corporate separation is fictitious, the parent has held the subsidiary out as its agent, or the parent has exercised undue control over the subsidiary." *Id.* 923–24. *See also Rucker v. Personal Finance Co. of Columbus*, 90 N.E.2d 428, 430–431 (Ohio Ct. App. 1948) (holding that "fact that the stock of the subsidiary was held by the foreign corporation and that the foreign corporation exercised control over the subsidiary through ownership of the stock, the corporate identity being formally preserved, is not sufficient to subject such foreign corporation to the jurisdiction of the state court").

In this case, Plaintiff has failed to present enough facts to justify veil-piercing, and therefore the court will not attribute KIRI's alleged jurisdictional contacts to its parent company or to other subsidiaries. While Plaintiff argues that Defendants "all appear to be a one-woman show" (Pl's Br. in Opp'n 18, ECF No. 44) because Gyselle Pyfrom serves as general counsel for KIL, KIBL, KIRI, IHCL, and Paradise Island Limited (PIL)[3], this fact is not sufficient because "'it is entirely

---

[3] PIL is not named as a Defendant in the Amendment Complaint.

appropriate for directors [and officers] of a parent corporation to serve as directors [and officers] of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts.'" *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (quoting *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 57 (2d Cir. 1988)).

A similar result was reached in *Sun-Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. 2001), another case arising out of an accident at the Atlantis Hotel in The Bahamas, where the court held that based on the record before it, "the Florida subsidiaries' activities cannot be imputed to [other] defendant[s]." *Id.* at 1269. After noting that "there is nothing inherently improper about corporations creating subsidiaries to perform specific functions," the court concluded that "neither defendant can be said to be directly performing any of the financial, advertising, marketing or reservation activities carried out by the Florida subsidiaries within the state." *Id.* Here, the court similarly finds no basis to disregard the corporate form, and consequently the court considers the jurisdictional facts in relation to the appropriate Defendant.

Plaintiff notes that over 20,000 Ohioans have stayed at Atlantis since 2001, generating "Defendants" $21,411,365.29, but the question of general jurisdiction concerns the level of the particular defendant's contacts with the forum state–whether one Ohioan or hundreds of Ohioans have stayed at Atlantis is in some respects inconsequential. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1092, 1086 (9th Cir. 2000) ("engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders"). Moreover, Plaintiff has presented no facts concerning what percentage of Atlantis' overall revenue during this time period the above figure represents. While not dispositive, courts have found such figures useful in engaging in a general jurisdiction analysis. *See, e.g.*, *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1022–23 (N.D. Cal. 2005) (collecting cases).

Plaintiff notes that KIRI has sent three representatives to Ohio since 2009, but this falls short of constituting a "continuous and systematic" presence in the state. *See Mich. Natl. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir.1989) (holding exercise of general jurisdiction in Michigan proper where the defendants retained independent sales representative in Michigan). Similarly, KIRI's domestication of a foreign (Florida) judgment in an Ohio state court is an isolated event.

While Plaintiff asserts that KIRI sends e-mails to former customers and allows customers to book trips and stays at the Atlantis, Plaintiff fails to provide facts that KIRI specifically targets advertising to the Ohio market. Lastly, while some courts have exercised general jurisdiction on the basis of "virtual stores" and other online activity approximating physical presence in the forum state, Plaintiff presents only a blanket assertion that "Defendants," collectively, do business through [www.atlantis.com,](www.atlantis.com) and fails to present facts concerning the nature, quality, and volume of activity through the site and its nexus to Ohio. *See, e.g.*, *Nationwide Contractor Audit Service, Inc. v. Nat'l Compliance Mgmt. Serv., Inc.*, 622 F. Supp. 2d 276, 292 (W.D. Pa. 2008) (noting that "courts have been reluctant to find general jurisdiction based on internet contacts only, even in those cases where the websites are highly interactive"); *Coremetrics, Inc.*, 370 F. Supp. 2d at 1022 ("AtomicPark has actually made sales to California consumers through its virtual store, and, even more important, the volume of sales made to California consumers-both in absolute numbers and as a percentage of total sales-is substantial."); *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 330–31 (D.S.C. 1999) ("General in personam jurisdiction must be based on more than a defendant's mere presence on the Internet even if it is an "Interactive" presence. . . . the critical issue for the court to analyze is the nature and quality of commercial activity actually conducted by an entity over the Internet in the forum state.")

While the court is sensitive to the fact that Plaintiff seeks redress for his injuries in a convenient forum, Plaintiff must nevertheless present some facts from which the court can make a good-faith and well-reasoned decision concerning the issue of jurisdiction. To hold otherwise would mean that the court could exercise general jurisdiction over any foreign company engaging in commerce over the internet, regardless of the level and quality of contacts with the State of Ohio.

### III.  CONCLUSION

For the foregoing reasons, the court hereby denies Plaintiff's Rule 60(a) Motion for Reconsideration. (ECF No. 62.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 27, 2011